IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER HEALTHCARE AG and BAYER PHARMACEUTICALS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No. 07-195-SLR |

**ANSWER AND DEFENSES OF
DEFENDANT TEVA PHARMACEUTICALS USA, INC.**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA"), by and through its attorneys, hereby answers the Complaint in this action as follows:

1. Teva USA admits this is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the filing by Teva USA with the U.S. Food and Drug Administration Teva USA's Abbreviated New Drug Application ("ANDA") No. 77-437 for "Moxifloxacin Hydrochloride Tablets, 400 mg" to obtain approval to engage in the commercial manufacture, use or sale of the drug product before the expiration of U.S. Patents 4,990,517 and 5,607,942. Teva USA denies the remaining allegations of paragraph 1 of the Complaint.

2. Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore denies them.

3. Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore denies them.

4. Admitted.

5.    Admitted for the purpose of this action only.

6.    Teva USA incorporates its Answer to each of the preceding Paragraphs 1-5 as if fully set forth herein.

7    Teva USA admits that United States Patent No. 4,990,517 ("the '517 patent") issued on February 5, 1991 and that the '517 patent bears the title "7-(1-Pyrrolidinyl)-3-Quinolone- And -Naphthyridonecarboxylic Acid Derivatives As Antibacterial Agents And Feed Additives." Teva USA is without sufficient information as to the truth of the allegation regarding the assignment of the '517 patent, and Teva USA denies the remaining allegations in paragraph 7 of the Complaint.

8.    Teva USA admits that United States Patent No. 5,607,942 ("the '942 patent") issued on March 4, 1997 and that the '942 patent bears the title "7-(1-Pyrrolidinyl)-3-Quinolone- And - Napthyridone-Carboxylic Acid Derivatives As Antibacterial Agents And Feed Additives." Teva USA is without sufficient information as to the truth of the allegation regarding the assignment of the '942 patent, and Teva USA denies the remaining allegations in paragraph 8 of the Complaint.

9.    Teva USA is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

10.    Teva USA is without sufficient information to form a belief as to the truth of the allegation that Plaintiff Bayer Healthcare AG ("BHC") owns both the '517 patent and the '942 patent, and Teva USA denies the remaining allegations in paragraph 10 of the Complaint.

11.    Teva USA is without sufficient information to form a belief as to the truth of the allegation that Plaintiff Bayer Pharmaceuticals Corporation ("BPC") has been granted a license under the '517 patent and the '942 patent, or the truth of the allegation that BPC holds a New

Drug Application approved by the United States Food and Drug Administration ("FDA") for AVELOX® tablets. Teva USA admits that the FDA has approved a New Drug Application for AVELOX® tablets. Teva USA denies the remaining allegations in paragraph 10 of the complaint.

12. Teva USA admits that it sent a letter dated March 7, 2007 to BHC and Bayer Corporation, Pharmaceutical Division to notify each of them that Teva USA had submitted its ANDA for Moxifloxacin Hydrochloride Tablets, 400 mg, and to inform them that Teva USA sought to obtain approval of its drug product prior to the expiration of the '517 patent and the '942 patent. Teva USA denies the remaining allegations of paragraph 12 of the complaint.

13. Teva USA denies each and every allegation in paragraph 13 of the Complaint.

14. Teva USA admits that it notified BHC and Bayer Corporation, Pharmaceutical Division, that, as part of its ANDA, Teva USA had filed amended certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

15. Teva USA denies the allegations of paragraph 15 of the Complaint as stated but admits that its submission of ANDA No. 77-437 creates a cause of action for infringement in the patent holders of the '517 and '942 patents.

16. Teva USA denies each and every allegation in paragraph 16 of the Complaint.

17. Teva USA denies each and every allegation in paragraph 17 of the Complaint.

### FIRST DEFENSE

18. The drug product for which Teva USA has filed its Abbreviated New Drug Application (ANDA) will not infringe any valid claim of either of the '517 or '942 patents.

## **SECOND DEFENSE**

19.     The '517 patent and each of the claims allegedly infringed by Teva USA are invalid for failure to comply with one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

20.     The '942 patent and each of the claims allegedly infringed by Teva USA are invalid for failure to comply with one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

21.     Pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Teva USA's ANDA included a certification with respect to the '517 and '942 patents. Pursuant to 21 U.S.C. § 355(j)(2)(B)(iii) and (iv), Teva USA also provided each of Bayer Corporation, Pharmaceutical Division and Bayer HealthCare AG with a detailed statement of the factual and legal basis of Teva USA's opinion regarding the invalidity, unenforceability or noninfringement of the claims of the '517 and '942 patents. Upon information and belief, Plaintiff Bayer Pharmaceuticals Corporation is owned by Bayer Corporation.

22.     Pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III) Teva USA made an offer of Confidential Access to Plaintiffs of Teva USA's ANDA for the purpose of allowing Plaintiffs to determine whether to bring an action against Teva USA. Plaintiffs ignored Teva USA's offer and filed suit without availing themselves of the opportunity to fully investigate Teva USA's ANDA prior to filing suit.

23.     Given Teva USA's detailed statement and the information and materials that Teva USA offered to provide to Plaintiffs, no reasonable litigant could expect success on the merits of this patent infringement action against Teva USA.

**WHEREFORE**, Teva USA requests entry of a judgment:

A.  Dismissing Plaintiff's Complaint with prejudice;

B.  Denying all relief requested by Plaintiffs and any relief to Plaintiffs whatsoever;

C.  That Teva USA has not infringed and is not infringing any valid and enforceable claim of the '517 or '942 Patents;

D.  Awarding Teva USA reasonable attorneys' fees pursuant to, *inter alia*, 35 U.S.C. § 285;

E.  Awarding Teva USA its costs of this action; and

F.  Awarding Teva USA such additional relief as this Court deems just and proper.

April 24, 2007                              THE BAYARD FIRM


                                            /s/ Richard D. Kirk (rk0922)
                                            Richard D. Kirk
                                            Ashley B. Stitzer
                                            222 Delaware Avenue, Suite 900
                                            P.O. Box 25130
OF COUNSEL:                                 Wilmington, Delaware 19899
                                            (302) 655-5000
Bruce M. Gagala                             rkirk@bayardfirm.com
M. Daniel Hefner
Brian A. Garcia                             *Attorneys for Defendant,*
LEYDIG, VOIT & MAYER, LTD.                  *TEVA PHARMACEUTICALS USA, INC.*
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

658078-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 24, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Frederick L. Cottrell III, Esquire
Jeffrey L. Moyer, Esquire
Anne Shea Gaza, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

The undersigned counsel further certifies that, on April 24, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

Bruce R. Genderson, Esquire
Adam L. Perlman, Esquire
Dov P. Grossman, Esquire
David I. Berl, Esquire
Aaron P. Maurer, Esquire
Williams and Connolly
725 Twelfth Street, N.W.
Washington, D.C. 20005

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

627932-1